## (November 3, 1965)

■ In the Matter of the Claim of LOUISE SCUDERI, Respondent, v. MISS ANN DRESSES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Per Curiam. In reversing its Referee's determination of occupational disease and finding, instead, accidental injury aggravating a pre-existing osteoarthritic condition, the board noted that claimant's work as a sewing machine operator was increased so that it involved heavier materials, greater physical pressure against the machine, and a faster pace, and that "After a few weeks of such work, she began to have pain from her neck down to her left arm and the fingers of the left hand"; and thereupon found "that the special work, requiring more physical effort of the entire body, including the neck, shoulder and arm, activated a dormant condition and precipitated the disability which ensued." It is settled beyond dispute that an accident aggravating a condition of nonindustrial origin to the point of disability may be compensable; but the findings in this case are not of an accident "assignable to a determinate or single act" or "to something catastrophic or extraordinary", within the holding in Matter of Lerner v. Rump Bros. (241 N. Y. 153, 155). We find nothing to distinguish this case from others of repeated minor trauma

in which awards had to be reversed. (See, e.g., *Matter of Steindel* v. *Gordon Baking Co.*, 9 A D 2d 798; *Matter of Hoare* v. *Great Atlantic & Pacific Tea Co.*, 8 A D 2d 561.) Respondent board, in its brief, urges that the recognized concept of "accident" is to be found in proof of a particular incidence of pain; but the record does not, in our view, sustain this contention but indicates, rather, a chronic pain with no particular variants in level; none of the medical experts attached any significance to the supposed initial incident, and, indeed, one of the experts relied upon by claimant fixed the date of "accident or injury" as some weeks later; and, in any event, the board's findings, as hereinbefore quoted in part, are completely silent insofar as any such concept is concerned. In *Matter of Greensmith* v. *Franklin Nat. Bank* (21 A D 2d 576, affd. 16 N Y 2d 973), upon which the board's brief mistakenly relies, "the sudden and dramatic collapse of claimant's neck was evidence of accident at its clearest" (p. 578); and in that case, further (p. 578), we discussed "'the view that suddenness may be found in either cause or result.' (1 Larson, Workmen's Compensation Law, § 39.10; * * * .)" Here there was suddenness in neither. Decision reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.